James A. CRUM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2005–SC–000395–DG.

Supreme Court of Kentucky.

May 24, 2007.

As Modified May 25, 2007.

W. Sidney Trivette, Pikeville, KY, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Michael Harned, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court By Justice NOBLE.

James A. Crum, Appellant, was indicted by the Pike County Grand Jury for charges of second-degree trafficking in a controlled substance, trafficking in marijuana over eight ounces, possession of drug paraphernalia, and first-degree possession of a controlled substance. After his motion to suppress based on a deficient warrant was denied, he entered a conditional guilty plea. Judgment of two years total time was entered, and this appeal followed.

## I. Background

Kentucky State Trooper Bradley Cure was approached during a call to a scene by a bystander, Dora Crum. For no stated reason, Ms. Crum decided to inform Trooper Cure that her estranged husband, the Appellant, had two to three pounds of marijuana at his house. Pike County Sheriff Butch McCoy, who was also at the scene, told Trooper Cure that he had heard rumors that Appellant had been dealing in marijuana, and that he had received information from Ms. Crum in the past when he was working undercover.

Based on this information, Trooper Cure prepared an affidavit for a warrant to search Appellant's house, and presented it to the trial commissioner who issued the search warrant. When the trooper searched Appellant's home pursuant to the warrant, he found approximately two pounds of marijuana and drug paraphernalia. Appellant filed a motion to suppress the evidence arguing that the affidavit used to obtain the search warrant was insufficient to support issuance of the warrant. Specifically he claimed that the affidavit did not state with specificity what the alleged contraband was, listed the wrong name of the property owner on the second page, and contained no information to establish the reliability of the informant, who was not identified. Holding that the testimony offered by Officer Cure at the motion hearing "satisfied the *Leon/Crayton* standards" for the good faith exception to the warrant requirement, the trial court overruled the motion to suppress, which forms the basis of this appeal.

## II. Analysis

In *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the

United States Supreme Court articulated the competing goals at play when officers reasonably rely on a search warrant issued by a detached and neutral magistrate that is ultimately found to be unsupported by probable cause:

> To resolve this question, we must consider once again the tension between the sometimes competing goals of, on the one hand, deterring official misconduct and removing inducements to unreasonable invasions of privacy and, on the other, establishing procedures under which criminal defendants are "acquitted or convicted on the basis of all the evidence which exposes the truth."

*Id.* at 900–01, 104 S.Ct. at 3409 (quoting *Alderman v. United States,* 394 U.S. 165, 175, 89 S.Ct. 961, 967, 22 L.Ed.2d 176 (1969)).

Based on a balancing approach toward the benefits of the exclusionary rule and the detriment of suppressing "inherently trustworthy tangible evidence obtained in reliance on a search warrant issued by a detached and neutral magistrate that ultimately is found to be defective," *id.* at 907, 104 S.Ct. at 3412, the Court reached the conclusion "that such evidence should be admissible in the prosecution's case in chief." *Id.* at 912, 104 S.Ct. at 3415.

This Court followed *Leon* in *Crayton v. Commonwealth,* 846 S.W.2d 684 (Ky.1992), in concluding that the officers in that case had acted in good faith and that the judicial officer had responsibility to determine whether the instrument was sufficient on its face to establish probable cause. The Court then viewed *Leon* in light of Section 10 of the Kentucky Constitution, concluding that there was "little textual difference" between the Fourth Amendment to the Constitution of the United States and our Section 10. Finally, it held that since it was the judicial officer who had mistakenly determined that probable cause was sufficient to issue the warrant, suppressing the evidence would have little deterrent effect upon police conduct. Of particular import, the probable cause deficiency was due to the failure of the officers to state in the warrant sufficient "evidence and facts" in reliance on advice from the County Attorney. The Court, however, did state,

> There is a popular but erroneous belief that the *Leon* Court eviscerated the exclusionary rule when the evidence is obtained pursuant to a search warrant. In fact, the Court held that the officer must have an objectively reasonable belief in the sufficiency of the warrant and the probable cause determination. If the affidavit contains false or misleading information, the officer's reliance cannot be reasonable. Likewise, the Court retained the exclusionary rule and applied no presumption of validity in cases of abandonment by the judge of a detached and neutral role, and in cases where the officer's belief in the existence of probable cause is entirely unreasonable. Finally, suppression was retained as a remedy where the warrant is facially deficient by failing to describe the place to be searched or the thing to be seized.

*Id.* at 687–88.

Subsequently, in *Commonwealth v. Opell,* 3 S.W.3d 747 (Ky.App.1999), the Court of Appeals stated that failing to describe "the thing to be seized" remained a basis to suppress evidence obtained from a defective warrant regardless of the officer's good faith in executing a warrant issued by a judge, but also cautioned that suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis when doing so will further the purpose of deterring inappropriate policing.

■ The affidavit presented to the Commissioner in this case was drafted on

a form provided by the Administrative Office of the Courts and reiterates at two places that the affiant has reasonable and probable grounds or cause to believe the statements made in the affidavit. The description of the property to be searched describes with adequate particularity where it is located. However, this is where the particularity stops. As Appellant complains, the thing to be seized is described only as "illegal contraband," the informant is not named, and the officer's reason for believing the informant to be reliable is not stated. The affidavit states that the officer's independent investigation consists of "information" that was received from a deputy sheriff without stating the nature of that information. On the whole, it is impossible to tell the basis of the officer's knowledge or exactly what he is looking for. The affidavit is thus so lacking in indicia of probable cause that any warrant issued on it must likewise be lacking. As Court of Appeals Judge Henry aptly put in his dissenting opinion below,

> All that Commissioner Hatfield could properly consider in deciding whether to issue this warrant was that some unnamed person had told Trooper Cure that James Crum, who lived at 110 Crum Hill Road in Pike County, Kentucky had "a quantity of illegal contraband" and that the trooper received some unspecified information from Deputy Gary McCoy. The Commissioner did not have a substantial basis for concluding that the affidavit established probable cause.

■ Testimony before the trial court indicated that the officer did know more, and could have put more information in the warrant. Nonetheless, the warrant is facially deficient because it does not adequately describe the thing to be seized. "Illegal contraband" can be any number of things. In fact, this term is so broad that Trooper Cure actually checked *every* box on the affidavit form, including one which indicated he was looking for stolen property. Subsequent to a search under such a warrant, an officer could testify that whatever was found was indeed what he meant by "illegal contraband." Such an affidavit is so lacking in indicia of reliability that the officer's good faith reliance cannot be deemed reasonable. Failing to describe with particularity the thing to be seized invites a finding that the other reasons why evidence may still be excluded under *Leon* and *Crayton* also apply. Additionally, it differs from simply omitting evidence and facts about how the officer obtained information or what may have been observed as a basis for requesting the warrant.

■ Failing to state what the object of the search is amounts to requesting permission to go on a fishing expedition. While the requesting officer may indeed be acting in good faith, no one's home should be searched without a specific object of the search being stated. For this reason, failing to name the thing to be seized is not covered by the "good faith" justification for a search on a warrant issued by a judicial officer that lacks probable cause. The other deficiencies alleged by the Appellant do not rise to the level of failing to state the object of the search, and standing alone could not overcome the good faith justification.

Consequently, this being the sole issue on appeal, the decision of the Court of Appeals affirming the trial court is reversed, and this case is remanded to the trial court for proceedings consistent with this Opinion.

All concur.